UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN H. NEWMAN, JR.

                            Plaintiff,

v.                                                                 3:21-CV-0199
                                                                      (MAD/ML)

SUNY BROOME COMMNITY COLLEGE; and
DR. CAROL SCOTT-ROSS, Vice President for
Student Development and Chief Diversity Officer,

                            Defendants.
_____

APPEARANCES:                                                    OF COUNSEL:

JOHN H. NEWMAN JR.
  Plaintiff, *Pro Se*
100 Roberts Street
Building #7 Apartment #3
Binghamton, New York 13905

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent this *pro se* Complaint (Dkt. No. 1) together with an application to proceed *in forma pauperis* (Dkt. No. 2) filed by John H. Newman, Jr. ("Plaintiff") to the Court for review. Also before the Court is Plaintiff's Application for an Order Directing Service by the United States Marshal (Dkt. No. 3). For the reasons discussed below, I grant Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2), recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety without prejudice and with leave to amend, and I deny Plaintiff's Application for an Order Directing Service (Dkt. No. 3) as moot if the Court adopts my recommendation and dismisses Plaintiff's Complaint.

**I.    BACKGROUND**

Plaintiff commenced this action on February 22, 2021 by filing a verified Complaint and a motion to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.)

Construed as liberally[1] as possible, the Complaint generally alleges that Plaintiff's civil rights were violated by State University of New York Broome Community College ("SUNY Broome") and Dr. Carol Scott-Ross, Vice President for Student Development and Chief Diversity Officer, in her "[o]fficial capacity and individual capacity" (collectively "Defendants"). (*See generally* Dkt. No. 1 at 1-2.)

Plaintiff alleges that he was a student at SUNY Broome and enrolled in classes beginning on January 25, 2021. (*Id.* at 2.) Plaintiff also alleges that, while he was enrolled, he maintained passing grades in all classes and was never accused of misconduct. (*Id.*) On February 9, 2021, however, Plaintiff alleges that a Public Safety Officer removed him from campus. (*Id.* at 2-3.)

Approximately four hours after he was removed from campus, Plaintiff alleges that he received an e-mail attaching a letter signed by Defendant Scott-Ross that stated Plaintiff's continued enrollment at SUNY Broome was disallowed and that "[t]he committee based decision is predicated on the information about your conviction." (Dkt. No. 1 at 2, *Attach.* 1 at 15 [Pl.'s Exs.].)[2] Plaintiff alleges that on February 13, 2021, he wrote an e-mail to Defendant Scott-Ross requesting information about "the administrative remedies for appealing [the committee's]

---

[1] The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2] "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.").

decision." (Dkt. No. 1, *Attach*. at 18.) Plaintiff alleges that Defendant Scott-Ross responded on February 16, 2021 and stated that "the committee decision is final." (*Id*.)

Prior to being removed from campus by the Public Safety Officer and receiving the letter from Defendant Scott-Ross on February 9, 2021, Plaintiff alleges that he was not notified that a committee was reviewing his enrollment status or that he would be afforded an "opportunity to be heard while [the] decision was being [c]onsidered." (Dkt. No. 1 at 3.)

Based on the foregoing allegations, the Complaint asserts three claims against Defendant SUNY Broome and Defendant Scott-Ross "as Vice President for Student Development and Chief Diversity Officer" for Defendant SUNY Broome : (1) Plaintiff was denied due process in violation of the Fourteenth Amendment and 42 U.S.C. § 1983; (2) Plaintiff was denied equal protection based on his status as a felon in violation of the Fourteenth Amendment's Equal Protection Clause and 42 U.S.C. § 1983; and (3) Plaintiff was discriminated against based on his status as a felon in violation of New York State Human Rights Law §§ 292(4) and 296(15). (Dkt. No. 1 at 2-6.)

As relief, Plaintiff seeks "automatic reinstatement into all of [his] classes" and $5,600,000.00 in punitive damages for each of his three claims. (*Id*. at 6.)

For a more complete statement of Plaintiff's claims, refer to the Complaint. (Dkt. No. 1.)

## II.     PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid. 28 U.S.C. § 1914. A court is authorized, however, to permit a litigant to proceed *in forma pauperis* if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[3] Having reviewed Plaintiff's application (Dkt.

---

3       The language of that section is ambiguous because it suggests an intent to limit

3

No. 2), the Court finds that Plaintiff meets the standard to proceed *in forma pauperis*. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[4]

### III.   STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

---

availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4]   Plaintiff is reminded that, although his application to proceed *in forma pauperis* has been granted, he is still required to pay fees that he may incur in this action, including copying and/or witness fees.

shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering *sua sponte* dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*,

490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.     ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that Plaintiff's Complaint be dismissed in its entirety.

### A.     Fourteenth Amendment Procedural Due Process Claim

Plaintiff alleges that Defendants' failure to afford him notice and the opportunity to respond prior to the decision to ban him from campus violated the Fourteenth Amendment's Due Process Clause. (Dkt. No. 1 at 5) For the following reasons, I recommend that this claim be dismissed without prejudice.

Generally, to state a claim under § 1983, a plaintiff must allege "(1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Attallah v. New York Coll, of Osteopathic Med.*, 94 F. Supp. 3d 448, 454 (E.D.N.Y. Mar. 27, 2015) (quoting *Dwyer v. Regan*, 777 F.3d 825, 828 (2d Cir. 1985)) *aff'd*, 643 F. App'x 7 (2d Cir. 2016). Importantly, § 1983 does not create any independent substantive right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty or property without due process of law, and 'those who seek to invoke its procedural protection must establish that one of these interests is at stake.'" *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (quoting *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012)). New York state law has recognized that there is an "implied contract" between a college or university and its students that may "provide[] the basis for a property interest that would be entitled to constitutional protection." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (citing *Perry v. Sindermann*, 408 U.S. 593, 601-03 (1972). However, "a plaintiff may not plausibly claim the deprivation of a protected interest when there is an adequate post-deprivation remedy available under New York State law." *Storey v. Morris*, 16-CV-0206, 2017 WL 933212, at *3 (N.D.N.Y. Feb. 1, 2017) (Baxter, M.J.) (citation omitted), *report and recommendation adopted by* 2017 WL 916418 (N.D.N.Y. Mar. 8, 2017) (Kahn, J.).

Generally, under New York law, a New York Civil Practice Laws and Rules "Article 78 proceeding[] provide[s] an adequate remedy for those who seek to challenge any action or inaction by an administrative agency or officers of state or local government." *Hourihan v. Lafferty*, 58 F. Supp. 2d 10, 15 (N.D.N.Y. 1999) (Hurd, M.J.) (citing N.Y.C.P.L.R. § 7801). And more specifically, "[i]t is well-settled that 'an Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit.'" *Attallah*, 94 F. Supp. 3d at 455 (quoting *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996)). It is clear, then, that there can be no Fourteenth Amendment action pursuant to § 1983 "when there is an adequate state post[-]deprivation procedure to remedy a random, arbitrary deprivation of property or liberty." *Hellenic Am. Neighborhood*, 101 F.3d at 882 (citations omitted).

When former students challenged school expulsions as violations of the Fourteenth Amendment's Due Process Clause, courts have held that an Article 78 action may serve as an adequate post-deprivation remedy and dismissed their Fourteenth Amendment Due Process claims. *See Storey*, 2017 WL 933212, at *4 (holding that "the availability of [an Article 78] remedy precludes plaintiff . . . from stating a plausible due process claim"); *Attallah*, 94 F. Supp. 3d at 458 (holding that "because an adequate post-deprivation remedy exists for review of plaintiff's expulsion, there can be no Fourteenth Amendment violation"). Here, the Complaint does not allege that an Article 78 proceeding could not adequately remedy the alleged deprivation at issue. Therefore, I recommend that Plaintiff's Fourteenth Amendment Due Process Claim be dismissed for failure to state a claim.

        **B.**        **Fourteenth Amendment Equal Protection Claim**

Plaintiff alleges that Defendants discriminated against him by virtue of his status as a "felon" in violation of the 14th Amendment's Equal Protection Clause. (Dkt. No. 1 at 5-6.) For the following reasons, I recommend dismissal of Plaintiff's Fourteenth Amendment Equal Protection Claim without prejudice.

The Fourteenth Amendment's Equal Protection Clause requires that the government treat similarly situated people alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To prevail, a plaintiff must demonstrate that "he was treated differently from other similarly situated individuals and that the reason for the different treatment was based on 'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Muhmmaud v. Murphy*, 632 F. Supp. 2d 171, 178 (D. Conn. 2009) (quoting *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000)). Significantly, "felons are not members of a protected class" under the

Fourteenth Amendment's Equal Protection Clause. *Cusamano v. Alexander*, 691 F. Supp. 2d 312, 321 (N.D.N.Y. 2009) (citing *Baker v. Cuomo*, 58 F.3d 814, 820 (2d Cir. 1995), *vacated on other grounds by Baker v. Pataki*, 85 F.3d 919 (2d Cir. 1996) (en banc)).

While the Fourteenth Amendment Equal Protection clause "is most commonly used to bring claims alleging discrimination based on membership in a protected class," a violation may also be pursued under a "class of one" theory. *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)), *overruled by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008). "[The Second Circuit has] long recognized that the equal protection guarantee extends to individuals who allege no specific class membership but are nonetheless subjected to invidious discrimination at the hands of government officials." *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001); *see also Olech*, 528 U.S. at 564 ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.") (citation omitted).

To state a claim under a "class of one" theory, a plaintiff must demonstrate that: (1) he was treated differently from a similarly situated individual; and (2) the differential treatment was arbitrary and irrational. *Vassallo v. Lando*, 591 F. Supp. 2d 172, 190 (E.D.N.Y. 2008).

To meet the first element, a plaintiff must show that he was "treated differently than someone who is . . . identical in all relevant respects." *Neilson*, 409 F.3d at 104 (quoting *Purze v. Vill. of Winthrop Harbor*, 286 F.3d 452, 455 (7th Cir. 2002)). This requires a showing that the level of similarity between the plaintiff and a comparator is so similar that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy," and

9

"the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Neilson*, 409 F.3d at 104-05.

To meet the second element, a plaintiff must demonstrate "that the defendant intentionally treated [him] differently, with no rational basis." *Prestopnik v. Whelan*, 249 F. App'x 210, 213 (2d Cir. 2007); *see also Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 245 (S.D.N.Y. 2008) ("This Court has interpreted the *Olech* standard to require that differential treatment be both intentional and irrational to satisfy the class of one standard."); *Assoko v. City of New York*, 539 F. Supp. 2d 728, 735 n. 7 (S.D.N.Y. 2008) (explaining that, in contrast with selective enforcement claims, which require "showing of animus or 'malicious or bad faith intent,' " class of one claims are based on " 'irrational and wholly arbitrary' governmental conduct").

Here, Plaintiff alleges that Defendants "chose to single this Plaintiff out as an individual, excluded him from the other student[s] and refused to give him equal treatment[] and protection strictly because of his status as a previously convicted felon." (Dkt. No. 1 at 5-6.) However, Plaintiff's status as a felon does not constitute membership in a constitutionally protected class under the Fourteenth Amendment, nor does he allege that an "identical" comparator was treated more favorably under the same circumstances at SUNY Broome. The Complaint also fails to allege that he was intentionally treated differently and that there was no rational basis for the difference in treatment. For these reasons, I recommend dismissal of Plaintiff's Fourteenth Amendment Equal Protection Claim for failure to state a claim.

      **C.**      **New York Human Rights Law Claim**

Plaintiff alleges that Defendants violated New York State Human Rights Law § 292(4) and § 296(15) by discriminating against him based on his prior conviction and status as a felon.

(Dkt. No. 1 at 4-5). In the event that Plaintiff's federal claims are dismissed, I recommend that the Court decline to exercise supplemental jurisdiction over his state law claims. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has 'dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)).

### D. Eleventh Amendment Immunity and Official Capacity of Defendant Scott-Ross

While not necessary to my recommendation that Plaintiff's Complaint be dismissed, I write separately regarding Eleventh Amendment immunity and whether Plaintiff may allege Fourteenth Amendment Claims pursuant to 42 U.S.C. § 1983 against Defendant Scott-Ross in her official capacity.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Regardless of the nature of the relief sought, in the absence of a state's consent or waiver of immunity, a suit against the state or one of its agencies or departments is proscribed by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Importantly, "New York State has not consented to suit in federal court." *Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d. Cir. 1977)). Claims against individuals in an "official capacity" must also be dismissed as barred by the Eleventh Amendment because the real party in interest is the state itself. *See Kavanaugh v. Vil. of Green Island*, 14-CV-1244, 2016 WL 7495813, at *3 (N.D.N.Y. Dec. 30, 2016) (Sannes, J.) (citing *Severino v. Negron, 996 F.2d 1439*, 1441 (2d Cir. 1993)) (dismissing official capacity claims

against a defendant "as barred by the Eleventh Amendment since the real party in interest is New York State.").

In *Leitner*, the Second Circuit held that State University of New York Westchester Community College was not entitled to immunity under the Eleventh Amendment because it was not an "arm of the state." *Leitner v. Westchester Community College*, 779 F.3d 130, 140 (2d Cir. 2015). While the holding in *Leitner* suggests that Defendant SUNY Broome is not entitled to Eleventh Amendment immunity, that conclusion ultimately depends, at least in part, on facts not currently present before this Court on its 28 U.S.C. § 1915(e)(2)(B) review, including the overall degree to which Defendant SUNY Broome is an "arm of the state." *See Leitner*, 779 F.3d at 139-40.

Even if the Court ultimately concludes that Defendant SUNY Broome is not entitled to Eleventh Amendment immunity, the Court may have a separate reason to dismiss Plaintiff's alleged Fourteenth Amendment claims against Defendant Scott-Ross, in her official capacity, as "duplicative" or "redundant" of the Fourteenth Amendment claims against Defendant SUNY Broome. *See I.S. by & through Disla v. Binghamton City Sch. Dist.*, 486 F. Supp. 3d 575, 610 (N.D.N.Y. 2020) (Suddaby, C.J.) ("Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as 'redundant and an inefficient use of judicial resources.'") (quoting *Dejean v. Cty. of Nassau*, 06-CV-6317, 2008 WL 111187, at *5 (E.D.N.Y. Jan. 8, 2008); *see also Carter v. Broome County*, 394 F. Supp. 3d 228, at 243 (N.D.N.Y. 2019) (Hurd, J.) ("It is true . . . that an official-capacity damages action against a policymaker is duplicative of a § 1983 municipal liability claim against the entity."). Significantly, in *Boyd v. Broome Cmty. Coll.*, 14-CV-0397, 2015 WL 6962498, at

\*6 (N.D.N.Y. Nov. 10, 2015) (Suddaby, C.J.), the court held that certain claims against the President and Board of Trustees of SUNY Broome Community College, in their "official capacity," were "duplicative" of those against the school itself and must be dismissed.

Here, it is unclear whether Plaintiff asserts claims against Defendant Scott-Ross in her individual or official capacity, or both. While Plaintiff generally alleges that Defendant Scott-Ross is being sued in her "[o]fficial and individual" capacity, the allegations supporting each of Plaintiff's claims appear to be based on Defendant Scott-Ross's role as "Vice President and Chief Diversity Officer" of Defendant SUNY Broome. (Dkt. No. 1 at 1-4.) Should the Court ultimately find that Defendant SUNY Broome and Defendant Scott-Ross, in her official capacity, are entitled to immunity under the Eleventh Amendment, the Fourteenth Amendment claims pursuant to § 1983 against them should be dismissed. Should the Court later find that Defendant SUNY Broome and Defendant Scott-Ross, in her official capacity, are not entitled to Eleventh Amendment immunity, the Court may have an additional reason to dismiss claims against Defendant Scott-Ross, in her official capacity, as "duplicative" of those claims against Defendant SUNY Broome. However, because this determination is not necessary to the Court's recommended disposition and depends on greater factual development, it is not necessary to decide at this initial stage of review under 28 U.S.C. § 1915(e)(2)(B).

## V.   OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required where "the problem with [the plaintiff's]

causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, … it is not an abuse of discretion to deny leave to amend." *Rufolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord*, *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[5]

I recommend Plaintiff's claims be dismissed with leave to amend his Complaint. Although I have serious doubts about whether Plaintiff can amend the Complaint to assert actionable claims against Defendants, I am unable to conclude with complete certainty that if permitted leave to amend, Plaintiff could not assert plausible Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983. Similarly, I am also unable to conclude with complete certainty that if permitted leave to amend his Complaint, Plaintiff could not allege facts plausibly suggesting jurisdiction over his state law claim. Accordingly, I recommend that leave to amend be granted. *See, e.g.*, *Ingraham v. Red Carpet Hous. Corp.*, 17-CV-1076, 2017 WL 5152343, at *4 (N.D.N.Y. Oct. 19, 2017) (Hummel, M.J.) (recommending *pro se* plaintiff be granted leave to amend complaint to allege facts suggesting supplemental jurisdiction over certain state law

---

[5]   *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) —that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), *rev'd on other ground*, 682 F. App'x 30.

claims), *report and recommendation adopted by* 2017 WL 5151692 (N.D.N.Y. Nov. 6, 2017) (Sharpe, J.).

If Plaintiff chooses to file an amended complaint, he should note that the law in this Circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *accord Pourzancvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, Plaintiff must clearly set forth facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any named Defendant in the constitutional deprivations alleged in sufficient detail to establish that it was tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the existing Complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

Because I recommend dismissal of Plaintiff's Complaint without prejudice and with leave to amend, I will also deny Plaintiff's Application for an Order Directing Service by the United States Marshal (Dkt. No. 3) as moot if the Court adopts this recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE AND WITH LEAVE TO REPLEAD** Plaintiff's Fourteenth Amendment Procedural Due Process Claim and Fourteenth Amendment Equal Protection Claim for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further respectfully

**RECOMMENDED** that the Court **DISMISS** Plaintiff's New York Human Rights Law Claim for lack of jurisdiction **WITHOUT PREJUDICE**; and it is further

**ORDERED** that, if the Court adopts my recommendation and dismisses Plaintiff's Complaint, then Plaintiff's Application for an Order Directing Service by United States Marshal (Dkt. No. 3) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[6]

**NOTICE**: Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7] Such objections shall be filed with the Clerk of

---

[6]  The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009 (per curiam).

[7]  If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday Fed. R. Civ. P. 6(a)(1)(C).

the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: May 6, 2021
       Binghamton, New York

*[signature]*
Miroslav Lovric
U.S. Magistrate Judge