UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN H. NEWMAN, JR.,

                       **Plaintiff,**

   vs.                                                  3:21-CV-0199
                                                        (MAD/ML)

SUNY BROOME COMMUNITY COLLEGE; and
DR. CAROL SCOTT-ROSS, *Vice President for
Student Development and Chief Diversity Officer*,

                       **Defendants.**
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**JOHN H. NEWMAN, JR.**
100 Roberts Street
Building #7, Apartment #3
Binghamton, New York 13901
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On February 22, 2021, *pro se* Plaintiff, John Newman, commenced this civil rights action against Defendants, the State University of New York Broome Community College ("SUNY Broome") and Dr. Caron Scott-Ross, Vice President for Student Development and Chief Diversity Officer in her "official capacity and individual capacity" (collectively "Defendants"), with the filing of a complaint, and accompanied by an application for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 2. Plaintiff alleges a variety of violations of his constitutional rights and state law. *See* Dkt. No. 1 at 1-2.

On May 6, 2021, Magistrate Judge Lovric issued an Order and Report-Recommendation granting Plaintiff's application to proceed IFP. *See* Dkt. No. 4 at 16. Magistrate Judge Lovric recommended the Court dismiss Plaintiff's complaint in its entirety, without prejudice, and with leave to amend. *See id.* Additionally, Magistrate Judge Lovric recommended that, should the Court adopt the recommendation to dismiss the Plaintiff's Fourteenth Amendment procedural due process claim and Fourteenth Amendment equal protection claim, Plaintiff's New York Human Rights Law claim should be dismissed for lack of jurisdiction. *See id.* Finally, Magistrate Judge Lovric recommended that the Court dismiss as moot Plaintiff's application for an order directing service by United States Marshal. *See id.* Currently before the Court is Magistrate Judge Lovric's Order and Report-Recommendation. For the following reasons, Magistrate Judge Lovric's Order and Report-Recommendation is adopted in its entirety.

## II. DISCUSSION

### A. Standard of Review

Liberally construed, Plaintiff's complaint asserts the following claims: (1) Fourteenth Amendment due process claims; (2) Fourteenth Amendment equal protection claims; and (3) New York Human Right Law §§ 292(4) and 296(15) claims of discrimination on the basis of Plaintiff's prior conviction and status as a felon. *See* Dkt. No. 1.

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "'the court has the duty to show liberality towards *pro se* litigants,' however, 'there is a responsibility on the court to

2

determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action *in forma pauperis*.'" *Griffin v. Doe*, 71 F. Supp. 3d 306, 311 (N.D.N.Y. 2014) (quoting *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994)) (internal citations omitted); *see also Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

When reviewing a complaint under section 1915(e), the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 " 'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint filed by a *pro se* litigant should not be dismissed without granting leave at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

**B.     Fourteenth Amendment Procedural Due Process Claim**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property without due process of law, and 'those who seek to invoke its procedural protection must establish that one of these interests is at stake.'" *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (quoting *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012)) (other

citation omitted). "'[S]tandard analysis under that provision proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient.'" *Id.* (quoting *Swarthout v. Cooke*, 562 U.S. 216, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011)).

"Protected property interests 'are not created by the Constitution.'" *Hughes v. City of N.Y.*, 197 F. Supp. 3d 467, 474 (E.D.N.Y. 2016) (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)). "Instead, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Id.* (quotation and other citation omitted); *see also Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002)). The Second Circuit has found that New York Education Law Section 3202 creates a property interest in a public education. *See Handberry v. Thompson*, 446 F.3d 335, 353 (2d Cir. 2006) (citations omitted). As such, a student such as Plaintiff has a protected property interest in his education, meaning that he cannot be deprived of that right without due process of law. *See Cohn v. New Paltz Cent. Sch. Dist.*, 363 F. Supp. 2d 421, 432 (N.D.N.Y. 2005) (citation omitted).

Plaintiff brings this claim pursuant to 42 U.S.C. § 1983. In order to state a claim pursuant to Section 1983, a plaintiff must allege "two elements: (1) 'the violation of a right secured by the Constitution and laws of the United States,' and (2) 'the alleged deprivation was committed by a person acting under color of state law.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015) (citations and quotations omitted). "State action is an essential element of any § 1983 claim." *Baum v. N. Dutchess Hosp.*, 764 F. Supp. 2d 410, 419 (N.D.N.Y. 2011) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 934 (1982)) (other citations omitted).

"Constitutionally, due process 'requires that individuals have "notice and opportunity for a hearing appropriate to the nature of the case 'prior to a deprivation of life, liberty, or property.' " *Cohn*, 363 F. Supp. 2d at 433 (quoting *Rosa R. v. Connelly*, 889 F.2d 435, 438 (2d Cir. 1989)) (other citation omitted). "'Notice must be reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Rosa R.*, 889 F.2d at 439) (other quotation omitted). Moreover, it is well-established in the context of disciplinary proceedings, such as those at issue here, that post-discipline due process provides sufficient due process to satisfy the requirements of the Fourteenth Amendment. *See Cohn*, 363 F. Supp. 2d at 433. As such, the availability of an adequate, post-deprivation hearing will preclude a procedural due process claim. *See id.* (citations omitted); *see also Storey v. Morris*, No. 16-cv-206, 2017 WL 933212, *3 (N.D.N.Y. Feb. 1, 2017) (citing cases finding that the plaintiff failed to plausibly allege a procedural due process claim because of the availability of an Article 78 proceeding); *Richardson v. Van Dusen*, 833 F. Supp. 146, 153 (N.D.N.Y. 1993) ("[E]ven when assuming that the Superintendent's Hearing was conducted in [a] manner that deprived plaintiff of his due process rights, the process afforded the plaintiff in the Article 78 proceeding cured any defect in the original hearing").

Magistrate Judge Lovric correctly found that the Plaintiff had failed to state a cause of action under Section 1983 for violation of his procedural due process rights because of the availability of the procedural safeguards of an Article 78 proceeding to challenge any disciplinary decision. *See* Dkt. No. 4 at 6-8. Both the Second Circuit and district courts throughout this circuit have reached the same conclusion. *See also S.C. v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-1672, 2012 WL 2940020, *10 (S.D.N.Y. July 18, 2012) (holding that an Article 78 proceeding is "itself a sufficient post-deprivation remedy" precluding

a procedural due process claim for review of decisions by school administrators); *DeFabio v. E. Hampton Union Free Sch. Dist.*, 658 F. Supp. 2d 461, 491 (E.D.N.Y. 2009) (granting summary judgment on due process claim based on long-term suspensions because the plaintiffs received initial hearing and "plaintiffs also could have resorted to an Article 78 proceeding"), *aff'd*, 623 F.3d 71 (2d Cir. 2010); *Bogle–Assegai v. Bloomfield Bd. of Educ.*, 467 F. Supp. 2d 236, 243 (D. Conn. 2006) (same), *aff'd*, 312 Fed. Appx. 435 (2d Cir. 2009). The Court agrees with this well-settled case authority which holds that Article 78 is an adequate post-deprivation remedy for resolution of disputes involving discipline in public schools.

As the Second Circuit has noted, Article 78 is an amalgam of the common law writs of certiorari to review, mandamus, and prohibition. *See Hellenic Am. Neighborhood Action Committee v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996). It provides a hearing and means of redress for petitioners and, in such a proceeding, constitutional issues can be decided. *See id.* (citation omitted). While Plaintiff will not be able to obtain damages through an Article 78 proceeding, both the Second Circuit and Supreme Court have held that an "Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a Section 1983 suit." *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).

In certain situations where the alleged violations are systemic, and not isolated and random, the availability of an Article 78 proceeding does not bar a procedural due process claim. *See Reyes v. Cnty. of Suffolk*, 995 F. Supp. 2d 215, 228 (E.D.N.Y. 2014). Plaintiff, however, has not asserted such a systemic claim. Rather, Plaintiff's complaint makes clear that he is simply attacking the propriety of the decisions of the vice president for student development and chief diversity officer, and the community college, which is exactly the type of claim barred by the

7

availability of an Article 78 proceeding. *See* Dkt. No. 4 at 8. Magistrate Judge Lovric correctly found that Plaintiff's Complaint does not allege that an Article 78 proceeding could not adequately remedy the deprivation at issue. Therefore, the Court finds that Magistrate Judge Lovric correctly determined that Plaintiff's due process claim against Defendants should be dismissed for failure to state a claim.

C.     **Fourteenth Amendment Equal Protection Claim**

The Equal Protection Clause of the Fourteenth Amendment, which provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws," U.S. Const. amend. XIV, § 1, "requires the government to treat all similarly situated individuals alike." *Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183, 204 (E.D.N.Y. 2010) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)). Ordinarily, equal protection claims arise from allegations that the government's classifications "treat certain groups of citizens differently than others." *NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 198 (2d Cir. 2019) (internal quotation marks and emphasis omitted). In *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), however, the Supreme Court also recognized "a class-of-one theory for equal protection claims, under which a single individual can claim a violation of [his] Equal Protection rights based on arbitrary disparate treatment." *NRP Holdings LLC*, 916 F.3d at 198 (internal quotation marks omitted).

"Under a 'class of one' equal protection claim, a plaintiff must allege that (1) '[he] has been intentionally treated differently from others similarly situated' and (2) 'there is no rational basis for the difference in treatment.'" *Young*, 705 F. Supp. 2d at 205 (quoting *Villlage of Willowbrook*, 528 U.S. at 564). "In order to state an equal protection violation under [Section] 1983, 'it is

axiomatic that plaintiff must allege that similarly situated persons were treated differently.'" *Id.* at 205 (quoting *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994)).

A class of one claim arises when a plaintiff is "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Villlage of Willowbrook*, 528 U.S. at 564; *accord, Young*, 705 F. Supp. 2d at 204-05. "[T]he standard for determining whether another person's circumstances are similar to the plaintiff's must be ... whether they are *prima facie* identical." *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005), *overruled on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008) (internal quotation marks omitted). More specifically, a complaint asserting a class of one claim must allege facts plausibly suggesting that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Neilson*, 409 F.3d at 105 (citing *Villlage of Willowbrook*, 528 U.S. at 565); *accord, Fortress Bible Church v. Feiner*, 694 F.3d 208, 222 (2d Cir. 2012); *Ruston v. Town Bd. for Skaneateles,* 610 F.3d 55, 60 (2d Cir. 2010).

Even affording Plaintiff special solicitude in light of his *pro se* status, Plaintiff's allegations do not give rise to a plausible equal protection claim under the Fourteenth Amendment. The allegations do not accuse any of the Defendants of treating Plaintiff differently based on his membership in a protected class or that he was treated differently from other similarly situated people. For that reason, any purported equal protection claim is subject to dismissal.

Magistrate Judge Lovric correctly found that Plaintiff's status as a felon does not constitute membership to a constitutionally protected class under the Fourteenth Amendment.  *See* Dkt. No. 4 at 10.  Moreover, Plaintiff does not satisfy the elements for a class of one claim; Plaintiff does not allege that an "identical" comparator was treated more favorably under the same circumstances at SUNY Broome, nor does Plaintiff allege that he was intentionally treated differently or that there was no rational basis for any difference in treatment.  *See* Dkt. No. 4 at 10.  Accordingly, Plaintiff's claim is dismissed for failure to state a claim upon which relief may be granted.

**D.    New York Human Rights Law Claim**

Federal courts may exercise supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28. U.S.C. § 1367.  "Disputes form part of the 'same case or controversy' ... 'when they "derive from a common nucleus of operative fact."'"  *Romero v. Bestcare, Inc.*, No. 15-CV-7397, 2018 WL 1702001, *8 (E.D.N.Y. Feb. 28, 2018) (citations omitted).  "Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  *Id.*  "A district court's decision whether to exercise ... jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  The Court may decline to exercise supplemental jurisdiction over a claim if

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Finally, a court should weigh "the values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction over state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, all of the claims over which the Court has original jurisdiction have been dismissed and this matter now involves only state law. Thus, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses them without prejudice.

### III. CONCLUSION

After carefully considering the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Lovric's May 6, 2021 Order and Report-Recommendation (Dkt. No. 4) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint, if any, within **THIRTY (30) DAYS** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to submit an amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that Plaintiff's application for an order directing service by the United States Marshal (Dkt. No. 3) is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 6, 2021
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge